UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CATALYST ASSETS LLC,<br><br>    Plaintiff,<br><br>  vs.<br><br>LIFE TECHNOLOGIES CORPORATION,<br><br>    Defendant. | Case No:  C 11-3537 SBA<br><br>**ORDER**<br><br>Docket 43. |

    On July 19, 2011, Plaintiff Catalyst Assets LLC ("Plaintiff") filed the instant patent infringement action against Defendant Life Technologies Corporation ("Defendant"). Dkt. 1.  On September 29, 2011, Defendant filed a Request for Ex Parte Reexamination of U.S. Patent No. 5,858,731 (" '731 patent") with the United States Patent and Trademark Office ("PTO"). See Dkt. 41.  On October 12, 2011, Defendant filed a Motion to Stay Pending Reexamination.  Dkt. 26.  The PTO granted Defendant's Request for Reexamination on December 2, 2011.  See Dkt. 41.  On February 22, 2012, this Court issued an Order staying the instant action pending final exhaustion of the reexamination proceeding.  Id.  The Court also administratively closed the case, directing the parties, upon final exhaustion of the reexamination proceeding, to file a joint letter requesting that the case be reopened.  Id.

    The parties are presently before the Court on Plaintiff's motion for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure or, in the alternative, motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Dkt. 43.  Defendant opposes the motions.  Dkt. 45.  Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby GRANTS Plaintiff's motion for voluntary dismissal under Rule 41(a)(2) and DENIES Plaintiff's

motion to dismiss under Rule 12(b)(1), for the reasons stated below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **DISCUSSION**

    A. **Motion for Voluntary Dismissal Under Rule 41(a)(2)**

Rule 41(a)(2) provides, in part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). "[T]he decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court . . ." Kern Oil Refining Co. v. Tenneco Oil Co., 792 F.2d 1380, 1389 (9th Cir. 1986). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." Stevedoring Servs. of Am. v. Armilla Intern. B.V., 889 F.2d 919, 921 (9th Cir. 1989) (citations omitted).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" is defined as "prejudice to some legal interest, some legal claim, some legal argument." Id. at 976 (quotation marks omitted). "[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice." Westland Water Dist. v. United States, 100 F.3d. 94, 97 (9th Cir. 1996). "Plain legal prejudice . . . does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982).

Here, Defendant opposes Plaintiff's motion for voluntary dismissal under Rule 41(a)(2) solely on the ground that the motion is procedurally improper in light of the Court's Order staying this case and administratively closing the file. Defendant requests that Plaintiff's motion be denied without prejudice to the refiling of the motion following final exhaustion of the reexamination proceeding. According to Defendant, it will

"stipulate to [Plaintiff's] motion to dismiss if and when [Plaintiff's] patent survives reexamination."

Accordingly, because Defendant failed to argue, let alone demonstrate, that it will suffer some legal prejudice if Plaintiff's motion is granted, Plaintiff's motion for voluntary dismissal under Rule 41(a)(2) is GRANTED. To the extent Defendant argues, without citation to authority, that the Court should deny Plaintiff's motion to dismiss on the ground that Plaintiff has not shown "compelling circumstances"[1] to warrant reopening this case, the Court disagrees. While Defendant correctly notes that Plaintiff did not expressly move to reopen this case, the Court finds that Plaintiff's motion for voluntary dismissal under Rule 41(a)(2) constitutes a compelling circumstance that justifies lifting the stay for the purpose of determining whether dismissal of this action is appropriate.

Finally, the Court notes that where, as here, a Defendant has pled counterclaims before being served with the plaintiff's motion to dismiss, "the action may be dismissed over the defendant's objection only if the counterclaim[s] can remain pending for independent adjudication." Fed.R.Civ.P. 41(a)(2). However, because Defendant did not object to Plaintiff's motion to dismiss on the ground that it has pled counterclaims against Plaintiff, the Court finds that dismissal of the entire action without prejudice is appropriate. The Court construes Defendant's silence on this issue as consent to the dismissal of its counterclaims. Indeed, because Plaintiff recently filed a similar patent infringement action against Defendant in this district, see Case No. C 12-1803, Dkt. 1, the Court finds that Defendant will not be prejudiced or unfairly affected by dismissal of its counterclaims as Defendant can plead its counterclaims in that action.

Moreover, the Court finds that dismissal of the entire action is appropriate because the Court declines to exercise jurisdiction over Defendant's counterclaims. Defendant has

---

[1] In support of this argument, Defendant relies on the Court's Order staying this case, which states, in relevant part: "While the Court orders this action stayed pending final exhaustion of the requested reexamination proceeding, this Order does not foreclose any party from moving to reopen this action prior to completion of the reexamination proceeding upon a showing of compelling circumstances." Dkt. 41

- 3 -

pled two counterclaims under the Declaratory Judgment Act: (1) declaratory judgment of patent invalidity; and (2) declaratory judgment of non-infringement. See Dkt. 18.

The exercise of jurisdiction under the Declaratory Judgment Act is committed to the sound discretion of the federal district courts. Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 802 (9th Cir. 2002). "Even if the district court has subject matter jurisdiction, it is not required to exercise its authority to hear the case." Id. In determining whether to exercise jurisdiction, courts consider several factors. Id. "A district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." Id.

Here, the first two factors are neutral because the counterclaims do not involve the determination of state law issues and Defendant did not engage in forum shopping because the counterclaims were filed in response to the commencement of the instant action. As for the third factor, the Court finds that the avoidance of duplicative litigation weighs in favor of dismissing Defendant's counterclaims. On April 11, 2012, Plaintiff filed a virtually identical patent infringement action against Defendant in this district styled Catalyst Assets LLC v. Life Technologies Corporation, No. 12-CV-1803 DMR ("Catalyst II"). See Dkt. 46-1; Case No. C 12-1803, Dkt. 1. The parties agree that "Catalyst II involves the same parties and claims that are involved in the instant action, and may involve the same counterclaims that are involved in the instant action." Dkt. 46-1. Thus, if the Court retains jurisdiction over Defendant's counterclaims, the continuance of this case would result in duplicative litigation and a waste of judicial resources. Accordingly, in the interest of judicial economy, the Court declines to exercise jurisdiction over Defendant's counterclaims. The counterclaims are therefore DISMISSED without prejudice.

**B.     Motion to Dismiss Under Rule 12(b)(1)**

In light of the Court's ruling on Plaintiff's motion for voluntary dismissal under Rule 41(a)(2), the Court DENIES Plaintiff's motion to dismiss under Rule 12(b)(1) as MOOT.

///

## II.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for voluntary dismissal under Rule 41(a)(2) is GRANTED. This action is DISMISSED without prejudice.

2. Plaintiff's motion to dismiss under Rule 12(b)(1) is DENIED as MOOT.

3. This Order terminates Docket 43.  The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated:  6/17/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge